IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD DWAYNE WHITFIELD, | ) | |
| ID # 623668, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:05-CV-0929-N |
| | ) | |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

On May 2, 2005, the Court received the instant habeas action and an application to proceed *in forma pauperis* from petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division.  By letter dated April 19, 2005, the United States District Clerk's Office of this Court previously returned to petitioner a habeas petition which he attempted to file because of numerous sanctions imposed by various other federal courts in Texas. The Clerk's Office attached a copy of *Whitfield v. Johnson*, No. H-94-2767 (S.D. Tex. May 12, 2000) (order striking pleadings and imposing sanctions, hereinafter "Sanction Order"), and a two-page listing of the sanctions.  Petitioner apparently resubmitted his petition, including a rambling, fifteen-page "Motion to Reopen" purportedly filed pursuant to Fed. R. Civ. P. 60(b) in response to the April 19, 2005 letter, and the petition was accepted and filed in the instant case.

## II. PRIOR SANCTIONS

In its Sanction Order, the Southern District of Texas noted that it had previously dismissed a petition for writ of habeas corpus filed by petitioner, and that his "efforts to appeal were unsuccessful" because petitioner had been "repeatedly sanctioned and barred from future filings without advance written permission from a judicial officer."[1] Sanction Order at 1.  The Southern District further stated:

> It is further ORDERED that Ronald Dwayne Whitfield, TDCJ-ID # 623668, is SANCTIONED in the amount of $750.00 for his unregenerate abuse of the judicial system.  The Inmate Trust Account office of TDCJ-ID is directed to place an immediate hold on Whitfield's trust account, and to collect such funds as may be deposited there, until all court-ordered sanctions have been paid.  It is finally ORDERED that Whitfield may file NO *pro se* actions, of any kind, whether or not he submits the filing fee, without express advance written permission from a United States District Judge or a United States Court of Appeals Judge.

Sanction Order at 2.  The Southern District also directed its Clerk to provide a copy to this Court. *See* Sanction Order at 2-3.

The Sanction Order from the Southern District of Texas prohibits petitioner from filing any *pro se* action without advance written judicial permission.  Petitioner has provided nothing to indicate that he has received such permission.  This Court "observe[s] and enforce[s] sanctions imposed by another federal court in Texas involving Texas Department of Criminal Justice inmates who file pleadings in this District, unless the sanctioned inmate establishes a change of circumstances or otherwise demonstrates that enforcing such previously imposed sanctions would be unjust."  MISC. ORDER 48.

---

[1]  Because the Sanction Order from the Southern District is sufficient of itself to recommend dismissal of this action, the Court does not elaborate on the numerous sanctions entered against petitioner.

Petitioner has failed to establish a change of circumstances or demonstrate that enforcement of the sanction order would be unjust. His "Motion to Reopen" essentially argues that the Sanction Order is void and that "no federal court can impose a sanction . . . for filing a habeas corpus action." (*See generally* Mot. to Reopen (quoted text found at page 9)). Whether the Sanction Order is void is not a matter for this Court to decide. Until the Southern District vacates the order, this Court will observe and enforce the sanction imposed in that order in accordance with MISC. ORDER 48. Furthermore, the federal courts possess the inherent "power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Such power is necessary "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *Id.* There is no question that the Southern District could sanction petitioner with respect to abusive litigation practices associated with the filing of a petition for writ of habeas corpus.

Because petitioner has shown no change of circumstances or otherwise demonstrated that enforcement of the Southern District Sanction Order would be unjust, the instant action must be dismissed for petitioner's failure to obtain advance written permission from a United States District Judge or United States Court of Appeals Judge. Without such advance written permission, petitioner is prohibited from filing the instant petition. Consequently, the Court should deny the application to proceed *in forma pauperis* for the failure of petitioner to comply with the Sanction Order of the Southern District of Texas.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the instant action filed by petitioner.  It is **FURTHER RECOMMENDED** that the Court **DENY** the application to proceed *in forma pauperis*.

**SIGNED this 13th day of May, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE